UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN DAVID ENTO,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF ARKANSAS, et al.,<br><br>  Defendants. | Case No. 1:23-cv-00391-HBK (PC)<br><br>ORDER DIRECTING CLERK TO ASSIGN ACTION TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR A FAILURE TO OBEY COURT ORDER AND PROSECUTE<br><br>14-DAY DEADLINE |

Plaintiff Christian David Ento is a state prisoner proceeding pro se in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action for Plaintiff's failure to comply with a court order and prosecute this action.

**BACKGROUND**

On March 20, 2023, the Court issued an order denying, without prejudice, Plaintiff's motion to proceed *in forma pauperis* ("IFP") because it failed to comply with 28 U.S.C. § 1915(a)(1)(2). (Doc. No. 4). Specifically, Plaintiff did not submit a six-month statement and the "Certificate" portion of his IFP application was blank. (*Id*.). Plaintiff was given twenty-one (21) days to file a completed IFP application or pay the filing fee. (*Id*. at 2). As of the date of this order, forty-two (42) days have passed, and Plaintiff has not filed a completed IFP application nor paid the filing fee and the time to do so has expired. *See* docket.

**APPLICABLE LAW AND ANALYSIS**

**A. Legal Standard**

An action in federal court may only proceed with concurrent payment of the filing fee if the court grants the party leave to proceed *in forma pauperis* ("IFP") . 28 U.S.C. § 1915(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). As part of the Prison Reform Litigation Act, in addition to filing an affidavit of indigency, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately proceeding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(1)(2). Where a prisoner litigant provides a deficient IFP application, a court cannot meaningfully assess whether the prisoner is entitled to proceed *in forma pauperis* or whether they must pay a portion of the filing fee. Where, as here, a *pro se* litigant fails to qualify for *in forma pauperis* status or pay the filing fee the court is not required to take any further action on the action. *Ruggles v. Ige*, No. 20-CV-00247-DKW-KJM, 2020 WL 8838243, at *2 (D. Haw. June 17, 2020). Indeed, a district court "will be free to dismiss the complaint" if the filing fee is not paid or application or proceed *in forma pauperis* is not granted. *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015).

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order,

or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Analysis**

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The Court's March 20, 2023 Order determined Plaintiff's IFP application was deficient and instructed Plaintiff to file a new IFP application within twenty-one days of receipt of the Order. (Doc. No. 4). Alternatively, Plaintiff was advised he could pay the filing fee. (*Id.*). Plaintiff failed to file a new IFP application and failed to pay the filing fee.

As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Because the Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

3

factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants.

Finally, the fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's March 20, 2023, Order expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action. (Doc. 4 at 2). Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

////

Accordingly, it is **ORDERED**:

The Clerk of the Court randomly assign this case to a District Judge.

It is further **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

**NOTICE**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   May 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5